Argued January 10, reversed and remanded February 13, 1969

MURRAY, *Appellant, v.* SMUCKER ET UX, *Respondents.*

450 P. 2d 545

*John H. Horn,* Roseburg, argued the cause for appellant. With him on the briefs was P. J. Washburn, Roseburg.

*Robert H. Anderson,* Roseburg, argued the cause

for respondents. With him on the brief were Stults, Jayne, Murphy & Anderson, Roseburg.

Before SLOAN, Presiding Justice, and GOODWIN and HOLMAN, Justices.

HOLMAN, J.

Plaintiff brought an action to recover for the breach of an earnest money agreement for the sale of real property. It was tried by the court without a jury. Plaintiff appealed from a judgment for defendants.

Plaintiff and defendants entered into a written earnest money agreement for the sale on contract of defendants' farm to plaintiff. Defendants did not have title because they were purchasing the property on contract from some people by the name of Arney. Plaintiff was purchasing the property for the purpose of subdividing it and selling off small parcels as homesites. The agreement contained a provision for the release of the homesites by defendants as plaintiff sold them so that plaintiff could deliver title. In order to protect defendants in case the Arneys would not agree to partial releases, there was a provision in the earnest money agreement to the following effect:

"Seller retains the right of cancellation in the event partial release cannot be obtained."

The defendants claimed the Arneys refused to agree to give partial releases and, therefore, they were entitled to cancel the contract. The trial court so held.

Plaintiff claims the court erred in admitting evidence to the effect that partial releases could not be obtained and that the contract was therefore cancelled. Plaintiff contends that the above-quoted provision for

cancellation was a condition subsequent and, therefore, had to be pleaded as an affirmative defense before defendants could avail themselves of it. Defendants pleaded only a general denial. Defendants contend the provision was a condition precedent to defendants' duty to perform the contract and that they were not obligated to plead it as a defense.

■■ Regardless of whether the condition was precedent or subsequent, it is this court's opinion that it should have been pleaded by defendants. The predominant purposes of pleading are to join issues and to inform one's adversary of his position concerning the litigation at hand. In the present circumstances it was defendants' obligation to attempt to secure the Arneys' consent to the partial releases that defendant had promised to give to plaintiff. The obligation was theirs because securing the Arneys' consent would require modification of their contract with the Arneys and such could be achieved only by the active endeavor of the defendants. Its being their obligation, it was their duty to notify plaintiff that they intended to rely upon their inability to secure the consent as an excuse for their failure to perform the contract. We, therefore, hold it was their duty to plead as an affirmative defense the non-availability of the partial releases from the Arneys regardless of the technical nature of the condition.

■ The case having been decided by the trial court upon a defense which was not pleaded, it is reversed and remanded for a new trial.